Asghar v. Sessions

BIA
Gordon-Uruakpa, IJ
A077 643 048

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
>> *Circuit Judges.*

_____

ALI ASGHAR,
> *Petitioner,*

> v.                                        16-3261
>                                           NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of

Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ali Asghar, a native and citizen of Pakistan, seeks review of an August 26, 2016, decision of the BIA that affirmed an April 22, 2014, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ali Asghar,* No. A077 643 048 (B.I.A. Aug. 26, 2016), *aff'g* No. A077 643 048 (Immig. Ct. N.Y. City Apr. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified by the BIA, i.e., minus the bases for denying relief that were not challenged before, or affirmed by, the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we do not address the IJ's conclusion that Asghar's asylum application was untimely, on which the BIA did not rely, or Asghar's claimed fear of the Taliban,

2

which he abandoned. *Id.* The applicable standards of review are well established. *Secaida-Rosales v. INS*, 331 F.3d 297, 306-07 (2d Cir. 2003), *superseded by the REAL ID Act as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Because Asghar filed his asylum application in 2003, the REAL ID Act does not apply in this case. *Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106 n.2 (2d Cir. 2006). In pre-REAL ID Act cases, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be substantial when "measured against the whole record." *Secaida-Rosales*, 331 F.3d at 307-08.

The agency reasonably found Asghar not credible based on inconsistencies regarding whether he was a member of the Sipah-E-Sahaba Pakistan, whether he shot his father's alleged murderer, and whether he reported the events surrounding his father's murder to police. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402-03 (2d Cir. 2006) (holding that "[a]dverse credibility determinations are appropriately based on inconsistent statements" (internal quotation marks omitted)). Asghar did not compellingly explain any of the record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d

3

77, 80 (2d Cir. 2005).

Given these record inconsistencies that relate to the heart of Asghar's claim, the agency's adverse credibility determination is supported by substantial evidence. *See Secaida-Rosales*, 331 F.3d at 307; *see also Tu Lin*, 446 F.3d at 402-03. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4